**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


BYRON J. HUBBARD, I,     )
B.J.H., II,         )
K.M.H.,         )
             )
      Plaintiffs,  )
   vs.        )   1:11-cv-0657-WTL-DML
             )
KAREN LOUISE GEORGE-HUBBARD, )
             )
      Defendant.  )


### Entry and Order Directing Dismissal of Action

### I.

The plaintiff's request to proceed *in forma pauperis* [3] is **granted.**

### II.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is to dismiss a case at any time the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### A.

In this case, dismissal of the action is appropriate. One preliminary procedural point must be observed. Plaintiff Byron J. Hubbard, I, filed this action *pro se*. In doing so, he improperly designates his two minor children as co-plaintiffs. A parent may not, without the assistance of counsel, bring suit on behalf of a minor. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (finding no exception to this general rule recognized for a lawsuit based on 42 U.S.C. § 1983 or general state tort law) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.")); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("Under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.")). Accordingly, purported claims of Mr. Hubbard's minor children are **dismissed.**

**B.**

The more substantive matter flows from the fact that this is a court of limited jurisdiction, possessing only the jurisdiction conferred to it by Congress. *See South Carolina v. Katzenbach,* 383 U.S. 301 (1966). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. §§ 1331-32." *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009). There is no plausible basis from which this court could conclude that it has jurisdiction over the plaintiff's state law claims for battery, defamation, and intentional infliction of emotional distress. A case over which the court lacks jurisdiction must be dismissed. *Steel Co. v. Citizens for a Better Environment,* 118 S. Ct. 1003, 1012 (1998); *Cook v. Winfrey,* 141 F.3d 322, 324-326 (7th Cir. 1998). That is the disposition required here, and judgment consistent with this Entry shall now issue.

**III.**

Given the dismissal of this action in Part II of this Entry, the plaintiff's motion for assistance serving process on the defendant [6] is **denied as moot.** Similarly, the plaintiff's motion to amend complaint [9] is **denied** because it is not accompanied by a tendered amended complaint–a requirement of Local Rule 15.1–and because no amendment based on the incidents described or alluded to in the original complaint could remedy the jurisdictional defect noted in Part II.B. of this Entry.

**IT IS SO ORDERED.**

Date: 07/11/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana